**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/10/2026

M. BOOTH AND ASSOCIATES, LLC,

                Plaintiff,

                -v-

JONATAN SOCORRO-PROSPERO,

                Defendant.

**REPORT AND**
**RECOMMENDATION**

24-CV-6769 (VSB) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

**To the Honorable Vernon S. Broderick, United States District Judge:**

Before the Court is a motion by plaintiff, M. Booth and Associates, LLC ("M. Booth") to strike the counterclaims asserted by defendant Jonatan Socorro-Prospero ("Prospero").  ECF No. 21.  For the reasons described below, the undersigned respectfully **RECOMMENDS** that the motion be **GRANTED**.

I.     **BACKGROUND**

    A.    **Factual and Procedural Background**

M. Booth commenced this action against Prospero, a former employee of M. Booth, on September 26, 2024.  ECF No. 1 ("Complaint").  In general terms, the Complaint alleges that Prospero improperly published on his own business website works that belong to M. Booth or its clients.  *Id.* ¶¶ 2–3.  According to M. Booth, Prospero either refused to return these works after the conclusion of his employment, or he misappropriated them through unauthorized access to M. Booth's Google drive months after his termination.  *Id.* ¶¶ 19–25.  M. Booth asserts

1

various causes of action grounded in these allegations, including violations of the

Computer Fraud and Abuse Act and unfair competition.  *Id.* ¶ 5.

Prospero filed an answer and counterclaims on November 21, 2024.  ECF No.

18 ("Answer").  Prospero appeared *pro se* at the time he filed these counterclaims,

but he is now represented by counsel.  *See* ECF No. 34 (notice of appearance).

Prospero's counterclaims are not organized into separate causes of action, but

consist of the following three paragraphs, which are set forth in full:

1. Defendant asserts that Plaintiff, a company pursuing claims
   against an individual, has wrongfully accused Defendant of
   actions that have caused reputational and financial harm.
   Plaintiff's actions continue to cause such harm, as the
   information in this claim is public.  Furthermore, Plaintiff could
   have acted in good faith by notifying Defendant's legal
   representatives sooner, rather than presuming Defendant would
   represent himself in this matter.  Notably, Plaintiff raised
   similar allegations against Defendant back in September 2022
   with Defendant's legal representatives, who subsequently
   addressed and resolved the issue.  Despite this, Plaintiff chose to
   revive these claims and made multiple unsuccessful attempts to
   summon Defendant directly.  *See* Exhibit 3.

2. Defendant contends that Plaintiff is purposefully bringing up
   these claims to undermine him in both his personal and
   professional life, particularly in light of Defendant's other
   ongoing legal actions.

3. As a result, Defendant seeks damages for the harm caused by
   Plaintiff's actions, including but not limited to legal fees, and
   requests the dismissal of Plaintiff's claims.

Answer at 2.[1]  Reading these allegations generously in light of Prospero's *pro se*

status at the time, he alleges reputational and financial harm resulting from M.

---

[1] Page numbers reflect ECF generated pagination.

Booth's pursuit of this lawsuit.  Additionally, he claims that the issues raised in the Complaint were "addressed and resolved" in 2022.  *Id.*

On December 12, 2024, M. Booth filed the instant motion to dismiss Prospero's counterclaims, ECF No. 21, construing them as raising counterclaims for malicious prosecution, libel and release.  *See* ECF No. 22 ("Mem.") at 9–11.  A review of the docket shows that, despite being served with a copy of M. Booth's motion papers, ECF No. 23 (affidavit of service), Prospero never responded to this motion, even after counsel appeared on his behalf.  Accordingly, this motion is considered unopposed and ripe for decision.  This motion was referred to the undersigned for a report and recommendation on February 3, 2026.  ECF No. 113.

## II.    LEGAL STANDARDS

"In deciding a motion to dismiss counterclaims pursuant to Rule 12(b)(6), the allegations in the counterclaims are accepted as true and all reasonable inferences must be drawn in the counter-plaintiff's favor."  *Kingvision Pay-Per-View, Ltd. v. Falu*, No. 6-CV-4457, 2008 WL 318352, at *1 (S.D.N.Y. Feb. 4, 2008) (citing *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007)).  To survive a motion to dismiss, a plaintiff must allege enough facts "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Facial plausibility exists when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  *Pro se* complaints are read liberally "to raise the strongest

3

arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citations omitted).  Nevertheless, *pro se* plaintiffs are not excused from the normal rules of pleading; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)).

## III.   DISCUSSION

### A.   Malicious Prosecution

Assuming that Prospero asserts a claim for malicious prosecution, M. Booth seeks dismissal of such claim on the basis that this action has not yet concluded in his favor.  M. Booth is correct and any such counterclaim should be dismissed.

The elements of a claim for malicious prosecution under New York law are: "(1) the defendant initiated a prosecution against plaintiff, (2) without probable cause to believe the proceeding can succeed, (3) the proceeding was begun with malice[,] and[ ] (4) the matter terminated in plaintiff's favor." *Rentas v. Ruffin*, 816 F.3d 214, 220 (2d Cir. 2016) (quoting *Cameron v. City of New York*, 598 F.3d 50, 63 (2d Cir. 2010)).  Here, Prospero alleges that, in "pursuing claims" against him, M. Booth has "wrongfully accused" him and is "purposefully bringing up these claims to undermine [Prospero] in both his personal and professional life."  Answer at 2. Read generously, these allegations arguably assert a claim for malicious prosecution.

4

As M. Booth argues, a claim for malicious prosecution based on the allegations of this lawsuit is fatally flawed because this action has not been terminated in Prospero's favor.  Accordingly, any counterclaim for malicious prosecution should be dismissed without prejudice to refiling if and when Prospero prevails in this case.

### B.    Libel

Assuming that Prospero asserts a claim for libel, M. Booth seeks dismissal of such claim on the basis that the allegations made in this lawsuit cannot form the basis for a defamation claim.  M. Booth is correct and any such counterclaim should be dismissed.

The tort of libel requires a written defamatory statement.  *Celle v. Filipino Rep. Enters. Inc.*, 209 F.3d 163, 176 (2d Cir. 2000).  The elements of a claim for defamation under New York law are:

> (1) the defendant published a defamatory statement of fact to a third party, (2) that the statement of fact was false, (3) the false statement of fact was made with the applicable level of fault, and (4) either the false statement was defamatory per se or caused the plaintiff special harm.

*Medcalf v. Walsh*, 938 F. Supp. 2d 478, 485 (S.D.N.Y. 2013) (citing *Chandok v. Klessig*, 632 F.3d 803, 814 (2d Cir. 2011)).  Here, Prospero alleges that M. Booth's pursuit of claims against him has caused financial and reputational harm "as the information in this claim is public." Answer at 2.  Thus, a fair reading of the counterclaims is that the statements made in the Complaint, which is on a public docket, have harmed Prospero.  Read generously, these allegations arguably assert that the Complaint in this case is libelous.

The problem for Prospero is, even assuming that his counterclaims otherwise plead all the elements of a libel claim, an absolute privilege protects oral and written statements made in court proceedings when those words are material and pertinent to the litigation. *Grayson v. Ressler & Ressler*, No. 15-CV-8740, 2018 WL 3611951, at *7 (S.D.N.Y. July 27, 2018). It appears that Prospero is complaining about the statements in M. Booth's Complaint. Accordingly, any libel claim based on these statements should be dismissed, but without prejudice as to Prospero asserting a libel claim based on some other statement made outside the context of this litigation.

## C.    Release

Assuming that Prospero asserts a counterclaim based on an alleged release of M. Booth's claims, M. Booth seeks dismissal of such counterclaim. M. Booth is correct because Prospero fails to plead an enforceable agreement to release M. Booth's claims. But Prospero also asserts an affirmative defense of release based on these same facts, and M. Booth has not moved to strike that affirmative defense.

Prospero mentions an arguable release of M. Booth's claims in two places in his pleading. First, Prospero asserts a "Third Defense," in which he contends that M. Booth made allegations similar to those of the Complaint in a September 15, 2022 letter, and that these claims were "subsequently dropped after discussions with Defendant's current legal representatives." Answer at 1. While not a model of clarity, this portion of Prospero's pleading arguably asserts an affirmative defense of release.

6

On the next page of his pleading, in paragraph 1 of his "Counterclaims," Prospero alleges that M. Booth "raised similar allegations against Defendant back in September 2022 with Defendant's legal representatives, who subsequently addressed and resolved the issue." *Id.* at 2. Prospero complains of M. Booth's choice "to revive these claims." *Id.* This part of the pleading appears to describe the same discussion referenced in Prospero's Third Defense.

M. Booth attacks the sufficiency of this counterclaim, contending it is unsupported by any "factual allegations—let alone any evidence." Mem. at 11. It is, of course, not necessary for Prospero to come forward with "evidence" at the pleading stage. As to the sufficiency of his factual allegations, Prospero asserts that whatever claims were raised in September 2022 were "resolved." Answer at 2. The problem is that Prospero does not allege enough facts about these September 2022 discussions to support a plausible inference that the parties entered into an enforceable settlement agreement or release that bars the claims asserted in the Complaint. To the contrary, Prospero's thin allegations are more consistent with an inference that M. Booth raised claims, Prospero's lawyers rebutted them in September 2022, and then Prospero heard nothing further about them until M. Booth sued two years later. While Prospero might have believed these claims were resolved, his unilateral expectation cannot create a binding agreement, and he fails to plead the material terms of any such agreement, including what consideration he provided for it. Thus, to the extent Prospero asserts a counterclaim based on an

alleged release of M. Booth's claims, it should be dismissed with leave to replead if he can do so in good faith.

Finally, the undersigned points out that Prospero has asserted an affirmative defense of release, M. Booth has not moved to strike it, and the time to file such a motion to strike has long expired. *See* Fed. R. Civ. P. 12(f)(2). Thus, granting the instant motion would not remove the issue of release from this case.

## IV.   CONCLUSION

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that the motion to dismiss defendant's counterclaims, ECF No. 21, be **GRANTED**.

### PROCEDURE FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. *See* Fed. R. Civ. P. 6(a), (b), (d). Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Vernon S. Broderick, United States Courthouse, 40 Foley Square, New York, New York 10007-1312. Any requests for an extension of time for filing objections must be directed to Judge Broderick.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. *See Thomas v.*

*Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).


Dated: March 10, 2026
New York, New York

_____
Henry J. Ricardo
United States Magistrate Judge