UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                        :

M. BOOTH & ASSOCIATES, LLC,        :

                                          :

                       Plaintiff,    :

                                          :         24-CV-6769 (VSB) (HJR)

           - against -        :

                                          :         **OPINION & ORDER**

JONATAN SOCORRO-PROSPERO.,    :

                                          :

                     Defendant.  :

                                          :
--------------------------------------------------------X

Appearances:

Carolyn D. Richmond
Lauren B. Sabol
Timothy A. Gumaer
Fox Rothschild LLP
New York, New York
*Counsel for Plaintiff*

Jerome K. Mitchell
Mitchell Law Group, P.C.
New York, New York
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

      On September 6, 2024, Plaintiff M. Booth & Associates, LLC ("Plaintiff") filed this action against Defendant Jonatan Socorro-Prospero ("Defendant"), generally alleging that Defendant improperly published on his own business website works that belong to Plaintiff or its clients and asserts claims under the Computer Fraud and Abuse Act, Digital Millenium Copyright Act, Lanham Act, and claims for unfair competition, breach of contract, unjust enrichment, deceptive trade practices, conversion, and tortious interference.  (*See generally* Doc. 1.)  On November 21, 2024, Defendant, then appearing pro se, filed an answer to the complaint and asserted counterclaims against Plaintiff.  (Doc. 18.)  Defendant's counterclaims consist of

the following three paragraphs:

1. Defendant asserts that Plaintiff, a company pursuing claims against an individual, has wrongfully accused Defendant of actions that have caused reputational and financial harm. Plaintiff's actions continue to cause such harm, as the information in this claim is public. Furthermore, Plaintiff could have acted in good faith by notifying Defendant's legal representatives sooner, rather than presuming Defendant would represent himself in this matter. Notably, Plaintiff raised similar allegations against Defendant back in September 2022 with Defendant's legal representatives, who subsequently addressed and resolved the issue. Despite this, Plaintiff chose to revive these claims and made multiple unsuccessful attempts to summon Defendant directly. See Exhibit 3.

2. Defendant contends that Plaintiff is purposefully bringing up these claims to undermine him in both his personal and professional life, particularly in light of Defendant's other ongoing legal actions.

3. As a result, Defendant seeks damages for the harm caused by Plaintiff's actions, including but not limited to legal fees, and requests the dismissal of Plaintiff's claims.

(Doc. 18 at 2.) On December 12, 2024, Plaintiff, construing Defendant's answer as raising counterclaims for malicious prosecution, libel, and release, filed a motion to dismiss Defendant's counterclaims, (Doc. 21), along with a memorandum of law, (Doc. 22). Defendant did not file an opposition to the motion to dismiss, despite being served with a copy of Plaintiff's motion papers, (Doc. 23), and Plaintiff did not file a reply in support of the motion to dismiss. Accordingly, the motion to dismiss Defendant's counterclaims is fully briefed and unopposed. On February 3, 2026, I referred the case to Magistrate Judge Henry J. Ricardo for a Report and Recommendation on Plaintiff's motion to dismiss Defendant's counterclaims. (Doc. 113.)

On March 10, 2026, Magistrate Judge Ricardo issued a 9-page Report and Recommendation recommending that I grant Plaintiff's motion to dismiss Defendant's counterclaims. (*See generally* Doc. 121 ("Report and Recommendation" or "Report").) Specifically, Magistrate Judge Ricardo recommends that I dismiss, without prejudice, Defendant's counterclaims (i) for malicious prosecution because this action has not yet

2

concluded in Defendant's favor, (ii) for libel because the allegations in the complaint cannot form the basis for a libel claim, and (iii) for release because Defendant fails to adequately plead an enforceable agreement to release Plaintiff's claims.  (*Id.* at 4–8.)

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  "To accept the report and recommendation of a magistrate [judge], to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record."  *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); *see also Batista v. Walker*, No. 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous." (internal quotation marks omitted)).

Although the Report and Recommendation explicitly provided that "the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections," and warned that "[f]ailure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review," (Report 8 (capitalization altered and emphasis omitted)), no party filed an objection.  I have reviewed Magistrate Judge Ricardo's detailed and well-reasoned Report and Recommendation for clear error and, after careful review, find none.  I therefore ADOPT the Report and Recommendation in its entirety.

Thus, Plaintiff's motion to dismiss Defendant's counterclaims, (Doc. 21), is GRANTED and Defendant's counterclaims are DISMISSED without prejudice.  Defendant's malicious prosecution counterclaim is dismissed without prejudice to refiling if and when Defendant prevails in this case, Defendant's libel counterclaim is dismissed without prejudice as to

Defendant asserting a libel claim based on some other statement made outside the context of this litigation, and Defendant's release counterclaim is dismissed without prejudice to Defendant seeking leave to replead the release counterclaim if he can do so in good faith.

The Clerk of Court is respectfully directed to close the motion at Doc. 21.

SO ORDERED.

Dated:        March 31, 2026
              New York, New York

Vernon S. Broderick
United States District Judge